UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22646-CIV-COHN/WHITE

VERTELIO DE LA ROSA,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER ADOPTING IN PART REPORT OF MAGISTRATE JUDGE AND FINAL ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on the Report and Recommendation of United States Magistrate Judge Patrick A. White [DE 21] ("Report and Recommendation") regarding Vertelio De La Rosa's Motion to Vacate Pursuant to 28 U.S.C. § 2255 [DE 1] ("Motion to Vacate"). Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Motion [DE 1], the Report and Recommendation [DE 21], and the Government's Objections to the Report of Magistrate Judge [DE 23] ("Objections"), and is otherwise advised in the premises.[1] Mr. De La Rosa filed no objections to the Report of Magistrate Judge, nor did he file a Response to the Government's Objections, and the time for doing so has passed.

The Government's sole objection concerns Magistrate Judge White's finding

---

[1] Regarding Mr. De La Rosa's <u>Pro Se</u> Motion and Affidavit as a <u>Judicial Notice</u> Under Rule 10 of the Rules Governing § 2255 [DE 22], the Court notes that it agrees with Magistrate Judge White's Orders [DE 19. 20] construing the Motion for Summary Judgment [DE 10] and Motion for Declaratory Relief [DE 14] as replies to the Government's responses.

1

under Claim 3 of the Motion to Vacate that Mr. De La Rosa is actually innocent of the crime of aggravated identity theft under 18 U.S.C. § 1028A(a)(1).  DE 23 at 1-2.

## I. BACKGROUND

On July 22, 2008, a federal grand jury indicted Mr. De La Rosa on five Counts: passport fraud (Count 1), falsely representing himself to be a U.S. citizen (Count 2), making a false statement in writing to a government agency (Count 3), aggravated identity theft (Count 4), and illegal re-entry into the United States (Count 5).  In a written plea agreement on October 3, 2008, Mr. De La Rosa agreed to plead guilty to Counts 1, 4, and 5, and to waive his right to appeal, and the Government agreed to dismiss Counts 2 and 3 after sentencing.  The same day, Mr. De La Rosa, defense counsel, and the Assistant U.S. Attorney signed a factual proffer [Cr. DE 19], which included the following:

> On or about June 18, 2008, the defendant, Vertilio Delarosa, applied for a United States passport at the North Miami Post Office in Miami-Date County, Florida, in the name of A.S.B.  The defendant submitted an application for a United States passport representing that his name was A.S.B., when in truth and in fact, the defendant knew his name was not A.S.B.  The defendant presented a Puerto Rico birth certificate in the name of A.S.B. as proof of citizenship and a Florida driver license in the name of A.S.B. as evidence of identification.  The defendant knowingly used the Puerto Rico birth certificate in the name of A.S.B., which is the means of identification of another person, without lawful authority.
> On July 9, 2008, defendant was read a *Miranda* warning in Spanish and waived his *Miranda* rights in writing.  Defendant admitted that he purchased the Puerto Rico birth certificate along with a social security card in the name of A.S.B. for $1,500 and admitted that he falsely completed an application for a United States passport in the name of A.S.B.

At a sentencing hearing on December 19, 2008, the Court sentenced Mr. De La Rosa to a term of 24 months for Count 1 and 24 months for Count 5, to run concurrently, and 24 months for Count 4, to run consecutive to Counts 1 and 5.  Mr. De

2

La Rosa did not object to his sentence, and, consistent with his appeal waiver under the plea agreement, he did not attempt to appeal his sentence. On September 2, 2009, Mr. De La Rosa filed his Motion to Vacate, asserting the following ineffective assistance of counsel claims:

- Failure to move for a downward departure to offset the additional time he would serve due to the time it would take the Government to process his deportation and due to the harsh conditions of confinement to which he was subjected as a deportable alien (Claims 1 and 2);

- Failure to argue that Mr. De La Rosa did not commit aggravated identity theft under the Supreme Court's interpretation of 18 U.S.C. § 1028A(a)(1) in Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009), (Claim 3);

- Failure to object to the 12-level increase in his offense level under U.S. Sentencing Guidelines § 2L1.2(b)(1)(B) because Mr. De La Rosa had not been previously convicted of a drug trafficking offense, contrary to the assertion in the Presentence Investigation Report (Claim 4);

- Failure to negotiate an additional one-level decrease in the total offense level under U.S. Sentence Guidelines § 3E1.1(b), and failure to argue that the Government breached the plea agreement by failing to file a motion for this one-level decrease, pursuant to § 5K1.1 or Federal Rule of Criminal Procedure 35, based on Mr. De La Rosa's substantial assistance (Claim 5);

- Failure to move to dismiss the indictment on the grounds that the deportation order that formed the basis for his 8 U.S.C. § 1326 violation was invalid (Claim 6); and

- Failure to argue at the sentencing hearing for a two-level decrease as Mr. De La Rosa was entitled to a "safety valve" adjustment under 18 U.S.C. § 3553(f) (Claim 7).

On September 7, 2010, Magistrate Judge White issued his Report and Recommendations recommending that this Court deny the Motion to Vacate as to Claims 1, 2, 4, 5, 6, and 7, grant the Motion to Vacate as to Claim 3, vacate Mr. De La Rosa's conviction of aggravated identity theft (Count 4), and enter an amended judgment. On September 22, 2010, the Government objected to Magistrate Judge

3

White's recommendation to grant the Motion to Vacate as to Claim 3.

## II. ANALYSIS

Under Claim 3 of his Motion to Vacate, Mr. De La Rosa alleges that his counsel was ineffective for failing to argue that Mr. De La Rosa did not commit aggravated identity theft under the Supreme Court's interpretation of 18 U.S.C. § 1028A(a)(1) in Flores-Figueroa, 129 S. Ct. 1886, because Mr. De La Rosa lacked the knowledge element required for conviction. Construing Mr. De La Rosa's claim liberally, as afforded *pro se* litigants pursuant to Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court agrees with Magistrate Judge White that Mr. De La Rosa also "appears to argue that he is actually innocent of the crime because he did not know that the identification actually belonged to another person." DE 21 at 10.

When a defendant pleads guilty and does not challenge the validity of his plea and resultant sentence on appeal, subsequent challenges are procedurally defaulted in a post-conviction proceeding pursuant to § 2255. United States v. Frady, 456 U.S. 152, 167-69 (1982). Thus, Mr. De La Rosa's challenge is procedurally defaulted. Nevertheless, a defendant who has procedurally defaulted can attack his conviction on the basis of a retroactive Supreme Court decision if he can demonstrate either (1) cause for the default and actual prejudice or (2) actual innocence. Blousley v. United States, 523 U.S. 614, 624 (1998); see also Frady, 456 U.S. at 153.

The Supreme Court issued the Flores-Figueroa decision on May 4, 2009, 129 S. Ct. 1886, over four months after Mr. De La Rosa's December 19, 2008 sentencing hearing. In Flores-Figueroa, the Supreme Court construed the knowledge element of aggravated identity theft under 18 U.S.C. § 1028A, finding that in order to establish

4

knowledge, the Government must show that the defendant knew that the means of identification he used belonged to another person. Flores-Figueroa, 129 S. Ct. at 1888, 1894. Further, the Supreme Court held that the knowledge element applies to each subsequent element of the statute as a matter of ordinary English usage. Id. at 1890-94. This decision constituted a narrowing of the statute compared to the Eleventh Circuit's previous construction in United States v. Hurtado, 508 F.3d 603 (11th Cir. 2007), the case in effect when Mr. De La Rosa was sentenced. The Court therefore agrees with Magistrate Judge White that the Flores-Figueroa decision applies retroactively to cases on collateral review. DE 21 at 11-12. Accordingly, this Court can consider this claim on collateral review as long as Mr. De La Rosa can demonstrate one of the two procedural exceptions: (1) cause for the default and actual prejudice or (2) actual innocence. Blousley, 523 U.S. at 624; see also Frady, 456 U.S. at 153.

Magistrate Judge White found that Mr. De La Rosa met the actual innocence exception, but the Government argues that the facts do not demonstrate Mr. De La Rosa's actual innocence under the requisite standard. To establish his actual innocence, a petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Blousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Blousley, 532 U.S. at 623. When presenting the facts in an aggravated identity theft case, the Government may rely on circumstantial evidence to demonstrate that a defendant knew the identity of a victim in belonged to a real person. United States v. Gomez-Castro, 605 F.3d 1245, 1248-49 (11th Cir. 2010); United States v. Holmes, 595 F.3d 1255, 1258 (11th Cir. 2010). "Both

the circumstances in which an offender obtained a victim's identity and the offender's later misuse of that identity can shed light on the offender's knowledge about that identity." Gomez-Castro, 605 F.3d at 1248.

In his factual proffer, Mr. De La Rosa "admitted that he purchased the Puerto Rico birth certificate along with a social security card in the name of A.S.B. for $1,500 and admitted that he falsely completed an application for a United States passport in the name of A.S.B." Cr. DE 19. He further acknowledged that he "presented a Puerto Rico birth certificate in the name of A.S.B. as proof of citizenship and a Florida driver license in the name of A.S.B. as evidence of identification." Id. While the factual proffer does not state explicitly that Mr. De La Rosa knew that A.S.B. was a real individual, there is enough circumstantial evidence that a reasonable jury could have concluded that Mr. De La Rosa had the requisite knowledge. See Holmes, 595 F.3d 1255; see also Gomez-Castro, 605 F.3d at 1248.

First, the fact that Mr. De La Rosa paid $1,500 for the means of identity is circumstantial evidence that he knew A.S.B. was an actual person. A reasonable jury could infer that Mr. De La Rosa would not have paid such a high price unless he believed A.S.B. to be a real person and the documents to be authentic. As in Gomez-Castro, where purchasing a birth certificate and social security card in another person's name for $2,500 and using those documents to obtain a driver's license, a benefits card, two credit cards, and a bank card was enough to support a finding that the defendant knew the identity belonged to a real person, 605 F.3d at 1249, Mr. De La Rosa's $1,500 payment for documents that he then used to obtain a driver's license and apply for a passport was also enough to support a jury's finding that he knew his

6

victim was a real person.

Second, Mr. De La Rosa's use of the means of identity provides further circumstantial evidence that he knew A.S.B. was an actual person. Similar to Holmes, where a defendant's use of another person's social security card and birth certificate to apply for a driver's licence, identification card, and passport was probative evidence that the defendant knew the documents belonged to a real person, 595 F.3d at 1258, Mr. De La Rosa's use of a social security card and birth certificate to obtain a Florida driver's license was probative evidence that he knew the documents belonged to a real person.

Finally, the fact that Mr. De La Rosa willingly subjected the birth certificate, social security card, and driver's license to government scrutiny suggests he knew A.S.B. was an actual person. Like Holmes, where the defendant's willingness to subject the social security card to government scrutiny was enough for a jury to establish that she knew the card belonged to a real person, id., Mr. De La Rosa's willingness to submit documents in A.S.B's name for government scrutiny twice—once when applying for a driver's licence, and again when applying for a passport—is enough for a jury to find that he knew the documents belonged to a real person. See also United States v. Cortes, No.10-10190, 2010 WL 3401569 (11th Cir. Aug. 30, 2010) (finding sufficient evidence of knowledge that documents belonged to another person when defendant submitted false identity documents for governmental scrutiny in obtaining a driver's license, identification card, and passport).

Together, the facts indicate that Mr. De La Rosa's actual innocence claim must fail. Mr. De La Rosa cannot prove that "in light of all the evidence, it is more likely than

7

not that no reasonable juror would have convicted him." Blousley, 523 U.S. at 623. Therefore, Claim 3 of Mr. De La Rosa's Motion to Vacate must be denied and his conviction as to Count 4 for aggravated identity theft will be upheld.

### III. CONCLUSION

Accordingly, upon a *de novo* review, the Court concludes that the Motion to Vacate Pursuant to 28 U.S.C. § 2255 [DE 1] filed in this case should be denied in full. Therefore, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Government's Objection is **SUSTAINED**.

2. Magistrate Judge White's Report and Recommendation is **ADOPTED** as to Claims 1, 2, 4, 5, 6, and 7.

3. Magistrate Judge White's Report and Recommendation is **REVERSED** as to Claim 3.

4. The Motion to Vacate [DE 1] is hereby **DENIED with prejudice**

5. All pending motions are **DENIED** as moot. The Clerk of Court is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of October, 2010.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of record via CM/ECF
Vertelio De La Rosa, *pro se*