UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22646-CIV-COHN/WHITE

VERTELIO DE LA ROSA,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

### ORDER ADOPTING AND SUPPLEMENTING REPORT OF MAGISTRATE JUDGE FOLLOWING REMAND

**THIS CAUSE** is before the Court on the Report of Magistrate Judge Following Remand [DE 44] ("Report") regarding Vertelio De La Rosa's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [DE 1] ("Motion"). Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Motion [DE 1] and the Report [DE 44], and is otherwise advised in the premises. Movant filed no objections to the Report and the time for doing so has passed.

### I. BACKGROUND

On July 22, 2008, a federal grand jury indicted Movant Vertelio De La Rosa on five Counts: passport fraud (Count 1), falsely representing himself to be a U.S. citizen (Count 2), making a false statement in writing to a government agency (Count 3), aggravated identity theft (Count 4), and illegal re-entry into the United States (Count 5). In a written plea agreement on October 3, 2008, Movant agreed to plead guilty to Counts 1, 4, and 5, and to waive his right to appeal, and the Government agreed to dismiss Counts 2 and 3 after sentencing. In connection with the plea agreement, Movant, defense counsel, and the Assistant U.S. Attorney signed a factual proffer

[Cr. DE 19][1], which included the following:

> On or about June 18, 2008, the defendant, Vertilio De La Rosa, applied for a United States passport at the North Miami Post Office in Miami-Dade County, Florida, in the name of A.S.B. The defendant submitted an application for a United States passport representing that his name was A.S.B., when in truth and in fact, the defendant knew his name was not A.S.B. The defendant presented a Puerto Rico birth certificate in the name of A.S.B. as proof of citizenship and a Florida driver license in the name of A.S.B. as evidence of identification. The defendant knowingly used the Puerto Rico birth certificate in the name of A.S.B., which is the means of identification of another person, without lawful authority.

That same day, the Court held a change of plea hearing. At the hearing, counsel for Movant represented that he had met with Movant three or four times in the presence of an interpreter. See Plea Transcript [DE 18-1 at 6-7]. They discussed the possibility of proceeding to trial on Count 4, but instead Movant decided to enter a guilty plea. Id. During the plea colloquy, Movant confirmed that his counsel's statements regarding their consultations were accurate. Id. at 7. He further acknowledged that he had discussed with his attorney how the U.S. Sentencing Guidelines might apply in his case, and that he was aware that the Court may depart from the applicable guideline range. Id. at 8. Additionally, the Court asked Movant if he understood that if he was not a United States citizen, his guilty plea could result in deportation. Movant answered in the affirmative. Id. at 9.

On September 4, 2009, De La Rosa filed the instant Motion, asserting several ineffective assistance of counsel claims. See Motion [DE 1]. The Motion

---

[1] "Cr. DE" refers to docket entries in case no. 08-20684-CR-COHN.

was referred to Magistrate Judge White. This Court adopted in part Judge White's Report and Recommendations, and denied the Motion. See Order Adopting in Part Report of Magistrate Judge and Final Order of Dismissal [DE 24]. The Eleventh Circuit reversed in part and remanded, stating as follows:

> The district court failed to consider the arguments raised in Claim 1 of De La Roas's section 2255 motion. Construed liberally, De La Rosa asserted in Claim 1 that his counsel was ineffective for (a) failing to recognize and to advise De La Rosa that he would be subject to additional imprisonment while awaiting deportation; (b) failing to recognize and advise De La Rosa that he would be subject to automatic deportation if convicted of a crime for which the possible sentence exceeded one year; and (c) failing to negotiate a more favorable plea agreement. Because each of these arguments constitutes a separate constitutional claim under Clisby [v. Jones, 960 F.2d 925, 936 (11th Cir. 1992)] but was not addressed by the district court, we vacate the denial of the motion and remand the case with instructions for the district court to consider each distinct claim raised in Claim 1.

De La Rosa v. United States, No. 10-15185, 2012 WL 974981, at *2 (11th Cir. March, 23, 2012). After considering these claims on remand, Judge White recommended that the Motion be denied. See Report [DE 44]. As discussed below, the Court agrees and will deny the Motion.

## II. ANALYSIS

Each of Movant's claims is based on ineffective assistance of counsel. To prevail on these claims, Movant must demonstrate that: (1) his counsel's performance was deficient; and (2) there was a reasonable probability that this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).

Movant's first claim is that his counsel was ineffective for failing to advise him that he would be subject to additional imprisonment while awaiting deportation. In support of this claim, he points to cases in other circuits which have held that downward

3

departure from the Sentencing Guidelines is appropriate if a defendant's status as a deportable alien is likely to cause an increase in the severity of his sentence. See Motion at 23-24.

While Judge White did not directly address this argument, the Court will do so here. Under Eleventh Circuit precedent, the collateral consequences of a defendant's alienage may in extreme circumstances serve as the basis for a downward departure. United States v. Veloza, 83 F.3d 380, 382 (11th Cir. 1996), overruled on other grounds by United States v. Rodriguez De Varon, 175 F.3d 930 (11th Cir. 1999). However, "the possibility of an additional period of detention following the completion of the sentence . . . [does] not warrant a departure." Id.; see also United States v. Maung, 320 F.3d 1305, 1308 (11th Cir. 2003) (noting that "[n]o decision . . . that we have found has upheld a downward departure based upon collateral consequences related . . . to the defendant's status as an alien."). Accordingly, the Court finds that defense counsel was not deficient for failing to raise this argument.

In his second claim, Movant argues that counsel was ineffective for failing to advise him that he would be subject to automatic deportation for his conviction. The Court agrees with Judge White that, even if counsel misadvised Movant, the Court cured this defect in the plea colloquy by informing him of the immigration consequences of his plea. Therefore, counsel's alleged deficiency would not establish prejudice to Movant, and the Court must deny the ineffective assistance claim. See United States v. Wilson, 245 F. Appx. 10 (11th Cir. 2007) (finding that defense counsel's deficiency would not establish prejudice if the court cured the deficiency during plea colloquy).

Movant's third claim is that his counsel was ineffective for not obtaining a more

4

favorable plea agreement.  The Court concurs with Judge White that the decision of whether to offer a plea agreement and on which terms are matters of prosecutorial discretion.  See Weatherford v. Bursey, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial.").  Therefore, Movant cannot show that counsel's alleged failure to negotiate effectively affected the outcome of the case.  Accordingly, the Court finds that Movant has not demonstrated ineffective assistance of counsel.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge Following Remand [DE 44] is hereby **ADOPTED as supplemented**;

2. The Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [DE 1] is hereby **DENIED**;

3. The Clerk may **CLOSE** this case and **DENY** all pending motions as **MOOT**; and

4. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, Movant is hereby **DENIED** a certificate of appealabilty because Movant has failed to make a substantial showing that he was denied a constitutional right.  The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Movant may request issuance of a certificate of appealability from the Eleventh Circuit.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of September, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

**Vertilio De La Rosa**
06499-265 / ME-403-L
McRae Coreection Facility
P.O. Drawer #30
McRae City, Ga 31055